# Exhibit 1

----------------------------------------------------------------------

                    D O C K E T    I N F O R M A T I O N

CASE ID: 486724V    Reference Case:  (none)

08/09/2021 #1    BILL OF COMPLAINT                        366 J6
        TYPE: DOCKET
        PLAINTIFF'S COMPLAINT AND JURY DEMAND, FILED.

08/09/2021 #2    INFORMATION SHEET FILED                  114 J6
        TYPE: DOCKET
        PLAINTIFF'S INFORMATION SHEET, FILED.

08/10/2021 #3    SCHEDULING NOTICE, TRACK 3              1953 J6
        TYPE: DOCKET
        SCHEDULING NOTICE AND ORDER OF COURT (BONIFANT, J.) TRACK 3, ENTERED.
        (COPIES MAILED)
            Judge: J BONIFANT

08/10/2021 #4    SCHEDULING AND PRETRIAL HEARING ORDER    179 J6
        TYPE: DOCKET
        ORDER FOR MANDATORY PRETRIAL HEARING (BONIFANT, J.) TRACK 3, ENTERED.
        (COPIES MAILED)
            Judge: J BONIFANT

08/10/2021 #5    ORDER, SCHEDULING                        738 J6
        TYPE: DOCKET
        SCHEDULING ORDER (BONIFANT, J.) TRACK 3, ENTERED. (COPIES MAILED)
            Judge: J BONIFANT

08/10/2021 #6    NOTICE, NEW CASE NUMBER                  836 J6
        TYPE: DOCKET
        NOTICE SENT GIVING NEW CASE NUMBER TO ALL PARTIES.

08/10/2021 #7    SUMMONS ISSUED                           248 J6
        TYPE: DOCKET
        TWO 30 DAY SUMMONS ISSUED FOR PERSONAL SERVICE AND MAILED TO ATTORNEY.

```
--------------------------------------------------------------------
TRIAL ELECTION : JURY        Status: Open         as of: 08/09/2021
SUBTYPE: OTHER TORTS                           TRACK:   3
MAIN CHARGE: DISCRIMINATION                        AGE: 1

  P JANET DE AMAT          11/11/1111 JASON SHAFER, ESQ      32424
    23607 PUBLIC HOUSE RD             SHAFER ASSOCIATES LLC
    BALTIMORE, MD 21201              230 N WASHINGTON ST STE 200
                                     ROCKVILLE MD 20850
                                     Phone: 240-801-7308


        -VS.-

  D UNITED NATURAL FOODS INC         NONE ASSIGNED AS OF THIS DATE
    313 IRON HORSE WAY
    PROVIDENCE, RI 02908

  D SUPERVALU INC                    NONE ASSIGNED AS OF THIS DATE
    101 JEFFERSON AVE SOUTH
    HOPKINS, MN 55343
--------------------------------------------------------------------
                    C H A R G E S
#01  DISCRIMINATION
#02  DISCRIMINATION
#03  RETALIATION
#04  DISCRIMINATION
#05  DISCRIMINATION
#06  RETALIATION
#07  DISCRIMINATION
#08  RETALIATION

--------------------------------------------------------------------

  COSTS     COUNTY MAKER   DATE        ASSESSED  STATUS DATE     PAID STATUS

  Filing                 08/09/2021    $165.00  08/09/2021      $165.00 Paid

    DATE     SCHEDULED EVENT              PLDG  TIME JUDGE     RM. LENGTH
 11/08/2021         PLT EXPERTS IDENTIFIED/F
 12/06/2021         MOTION FOR ALT SVC DEADL
 01/04/2022         DEF EXPERTS IDENTIFIED/F
 03/07/2022         ALL WRITTEN DISCOVERY SE
 04/19/2022         DISCOVERY COMPLETED
 04/29/2022         ADD'L PARTIES JOINDER DE
 05/02/2022         JOINT PRETRIAL STMT FILE
 05/04/2022         MOTIONS/INC DISPOSITIVE
 05/04/2022         MEETING OF ALL COUNSEL
 05/04/2022         RULE 2-504.3(B) NOTICE D
 05/09/2022         ADR DEADLINE
 05/19/2022 PT 0045* PRETRIAL                  02:00 TBA
```

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: **486724-V**

TO:

(Service Address)

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**JANET DE AMAT**

within **30** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: **08/10/2021**



*Karen A Bushell*

Karen A. Bushell
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[ ] Served _____ on _____ at _____
           (Whom)                         (Date)           (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
              (Date)            (Reason)

_____ [ ] Sheriff
    (Signature)

UNITED NATURAL FOODS INC
313 IRON HORSE WAY
PROVIDENCE RI 02908

Agent for UNITED NATURAL FOODS INC:
THE CORPORATION TRUST
INCORPORATED
2405 YORK ROAD, SUITE 201
BALTIMORE, MD 21903

SUPERVALU INC
101 JEFFERSON AVE SOUTH
HOPKINS MN 55343

Agent for SUPERVALU INC:
THE CORPORATION TRUST
INCORPORATED
2405 YORK ROAD, SUITE 201
LUTHERVILLE TIMONIUM, MD 21093



**Karen A. Bushell**
Clerk of the Circuit Court for Montgomery County, Maryland
50 Maryland Avenue
Rockville, Maryland 20850-2397
August 10, 2021

RE:   Notice of New Case Number for
      JANET DE AMAT vs UNITED NATURAL FOODS INC, ET AL
      Reference Case#: N/A
      Case Type: DISCRIMINATION
                              (836)

Dear Sir/Madam:

      Please be advised that the above referenced case was received on
August 9, 2021, in the office of the Clerk for Montgomery County.
This matter has been assigned case number <u>486724-V</u>.   Please
include this case number on all future papers to be filed in this case.

                              Sincerely,

                              *Karen A Bushell*
                              Clerk of the Circuit Court
                              for Montgomery County,
                              Maryland

JANET DE AMAT
23607 PUBLIC HOUSE RD
BALTIMORE MD 21201

UNITED NATURAL FOODS INC
313 IRON HORSE WAY
PROVIDENCE RI 02908

SUPERVALU INC
101 JEFFERSON AVE SOUTH
HOPKINS MN 55343

JASON SHAFER, ESQ
SHAFER ASSOCIATES LLC
230 N WASHINGTON ST STE 200
ROCKVILLE MD 20850

NEWCASE

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**JANET DE AMAT**
   Plaintiff

    v.

**UNITED NATURAL FOODS INC, ET AL**
   Defendant

:    Case No. **486724-V**
:    COMPLAINT FILED ON: 08/09/2021

## Scheduling Order - Track 3
### (738)

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT:   [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | 11/08/2021 |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | 12/06/2021 |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | 01/04/2022 |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | 03/07/2022 |
| *DEADLINE: DISCOVERY COMPLETED* | 04/19/2022 |
| *DEADLINE: ADD'L PARTIES JOINDER* | 04/29/2022 |

**MEETING OF ALL COUNSEL, 05/04/2022 Time and place to be determined PLUS DEADLINES:**

| | |
|---|---|
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | 05/04/2022 |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | 05/04/2022 |
| *DEADLINE: ADR DEADLINE* | 05/09/2022 |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | 05/02/2022 |

**PRETRIAL HEARING, 05/19/2022 02:00 PM ATTENDANCE REQUIRED**

   *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.*

TRIAL COUNSEL SHALL APPEAR AT THE PRETRIAL HEARING. **MOTIONS FILED IN TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT.** IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 AND 2-341.

THE TRIAL DATE SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED. [TRIAL BETWEEN: 06/21/2022 AND 09/29/2022.]

ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADVANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

*James A. Bonifant*
Circuit Administrative Judge

**ENTERED**

AUG 10 2021

Clerk of the Circuit Court
Montgomery County, Md.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM.

COPY

UNITED NATURAL FOODS INC
313 IRON HORSE WAY
PROVIDENCE RI 02908

SUPERVALU INC
101 JEFFERSON AVE SOUTH
HOPKINS MN 55343

JASON SHAFER, ESQ
SHAFER ASSOCIATES LLC
230 N WASHINGTON ST STE 200
ROCKVILLE MD 20850

CIVSCHD3

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**JANET DE AMAT**
**Plaintiff**

     v.

**UNITED NATURAL FOODS INC, ET AL**
**Defendant**

:   **Case No. 486724-V**
:
:   Pretrial: <u>05/19/2022</u> time <u>2:00 PM</u>

## <u>ORDER FOR MANDATORY PRETRIAL HEARING - TRACK 3</u>
### (179)
### COMPLAINT FILED ON <u>08/09/2021</u>

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this <u>10th day of August, 2021,</u> by the Circuit Court for Montgomery County, Maryland,

**ORDERED,** that parties and trial counsel shall appear in court for a Pretrial Hearing on the date set forth above. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Pretrial Hearing and shall contain the following:

1. Nature of the Case: A brief, non-argumentative statement suitable for reading to a jury.

2. Claims and/or Defenses: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. Undisputed Issues and Facts: List all issues not in dispute and set forth stipulated facts.

4. Disputed Issues: List each disputed issue and the principal contentions of all parties respecting each.

5. Relief Sought: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. Citations: List any cases or statutes which need to be called to the Court's attention.

7. Pending Motions: List title, movant, and filing date of pending motions.

8. Witnesses: Name, address and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. Exhibits: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

**ENTERED**

AUG 10 2021 JM

Clerk of the Circuit Court
Montgomery County, Md.

CIVPTT3 08/10/2021 11:01:44

10. Deposition Testimony: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. Pleadings and Discovery Responses: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. Demonstrative or Physical Evidence: Describe any items of non-testimonial, non-documentary evidence -- models, samples, objects, etc. -- to be utilized at trial.

13. Videotapes: Identify any videotapes to be shown to the jury and authority for doing so.

14. Requested Jury Selection Questions: Identify those agreed upon and include any objections made by either side.

15. Pattern Jury Instructions: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. Non-Pattern Jury Instructions: Supply complete text of each instruction, with authorities, on a separate page.

17. Verdict Sheet (if requested): Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. Settlement: Minimum demand; Maximum offer.

19. Estimated Length of Trial: _#_ days;

and it is further

**ORDERED,** that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days **(DEADLINE: 05/02/2022)** before the Pretrial Hearing; and it is further,

**ORDERED,** for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

ENTERED

AUG 10 2021

Clerk of the Circuit Court
Montgomery County, Md.

James A. Bonifant
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Two of Two

UNITED NATURAL FOODS INC
313 IRON HORSE WAY
PROVIDENCE RI 02908

SUPERVALU INC
101 JEFFERSON AVE SOUTH
HOPKINS MN 55343

JASON SHAFER, ESQ
SHAFER ASSOCIATES LLC
230 N WASHINGTON ST STE 200
ROCKVILLE MD 20850

CIVPTT3

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

JANET DE AMAT           :
     Plaintiff             :
                         :
        v.                  :   Case No. **486724-V**
                         :   Judge:
UNITED NATURAL FOODS INC, ET AL    :
     Defendant          :

## SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3
### (1953)
### COMPLAINT FILED ON 08/09/2021

It is by the Circuit Court for Montgomery County, Maryland, ORDERED as follows:

1) <u>Proof of Service</u>. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

    b) As to any Defendant not timely served, the Court may sever the case against that party.

    c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: <u>DEADLINE: 12/06/2021</u>**

    d) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

    e) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

    f) <u>**FAILURE TO SERVE A PARTY WILL NOT RESULT IN A MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER**</u>

2) <u>Answer or Other Responsive Pleading</u>. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3) <u>Initial Discovery</u>. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

    a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues

```
ENTERED
```

AUG 10 2021 JM

Clerk of the Circuit Court
Montgomery County, Md.

Page One of Two

CIVINOT3 08/10/2021 11:01:44

and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) <u>Discovery of Electronic Information</u>. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties should address the following:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
      i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the storage media on which the information shall be exchanged; and
      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

   The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

7) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Date: 08/10/2021 ENTERED

AUG 10 2021 SM

Clerk of the Circuit Court
Montgomery County, Md.

James A. Bonifant
Circuit Administrative Judge

Questions? Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.

UNITED NATURAL FOODS INC
313 IRON HORSE WAY
PROVIDENCE RI 02908

SUPERVALU INC
101 JEFFERSON AVE SOUTH
HOPKINS MN 55343

JASON SHAFER, ESQ
SHAFER ASSOCIATES LLC
230 N WASHINGTON ST STE 200
ROCKVILLE MD 20850

CIVNOT3

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>
(City or County)

CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

| | |
|---|---|
| FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT | CASE NUMBER _____ (Clerk to insert) |

CASE NAME: <u>Janet De Amat</u>     vs.     <u>United Natural Foods, Inc., et. al.</u>
               Plaintiff                                       Defendant

PARTY'S NAME: Janet De Amat       PHONE: 240-801-7308

PARTY'S ADDRESS: 23607 Public House Rd., Clarksburg, MD 21201

PARTY'S E-MAIL: _____

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Jason Shafer      PHONE: 240-801-7308

PARTY'S ATTORNEY'S ADDRESS: 230 N. Washington St., Suite 200, Rockville, MD 20850

PARTY'S ATTORNEY'S E-MAIL: jason@shaferassociates.com

JURY DEMAND? ☒ Yes ☐ No

RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours   3   days

**FILED**

**DROP BOX**

AUG 0 9 2021

Clerk of the Circuit Court
Montgomery County, Md.

PLEADING TYPE

**New Case:** ☒ Original    ☐ Administrative Appeal    ☐ Appeal

**Existing Case:** ☐ Post-Judgment    ☐ Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment
   (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**PROPERTY**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
   - ☐ Commercial
   - ☐ Residential
   - ☐ Currency or Vehicle
   - ☐ Deed of Trust
   - ☐ Land Installments
   - ☐ Lien
   - ☐ Mortgage
   - ☐ Right of Redemption
   - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☒ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)

2

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

- ☐ Under $10,000
- ☐ $10,000 - $30,000
- ☐ $30,000 - $100,000
- ☐ Over $100,000

- ☐ Medical Bills $_____
- ☐ Wage Loss $_____
- ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation    ☒Yes  ☐No          C. Settlement Conference  ☒Yes  ☐No
B. Arbitration  ☒Yes  ☐No          D. Neutral Evaluation     ☒Yes  ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*    ***(Case will be tracked accordingly)***

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☒ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

- ☐ **Expedited**- Trial within 7 months of Defendant's response
- ☐ **Standard** - Trial within 18 months of Defendant's response

## EMERGENCY RELIEF REQUESTED

# COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under
Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of
Defendant's response

☐ **Standard** - Trial within 18 months of
Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY,
PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

8/9/2021
Date
230 N. Washington St. Suite 200
Address

Rockville          MD          20850
City          State          Zip Code

Signature of Counsel / Party

Jason Shafer
Printed Name

Reset

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

JANET DE AMAT

23607 PUBLIC HOUSE RD

CLARKSBURG, MD 21201

**ATTORNEY:**

JASON SHAFER

230 N. WASHINGTON ST.

SUITE 200

ROCKVILLE, MD 20850,

      Plaintiff,

  vs.

UNITED NATURAL FOODS, INC.

313 IRON HORSE WAY

PROVIDENCE, RI 02908

**RESIDENT AGENT:**

THE CORPORATION TRUST

INCORPORATED

2405 YORK ROAD, SUITE 201

BALTIMORE, MD 21093

SUPERVALU INC.

101 JEFFERSON AVENUE SOUTH

HOPKINS, MD 55343

**RESIDENT AGENT:**

THE CORPORATION TRUST

INCORPORATED

2405 YORK ROAD, SUITE 201

LUTHERVILLE TIMONIUM, MD 21093,

      Defendant

Case No.:

COMPLAINT

)
)
)
)
)
)
)
)
)
)

**FILED**

DROP BOX

AUG 0 9 2021

Clerk of the Circuit Court
Montgomery County, Md.

## INTRODUCTION

1. Janet De Amat, Plaintiff, by and through her undersigned counsel, hereby sues United Natural Foods, Inc. and SuperValu, Inc. for violations of Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1991, *as amended*, 42 U.S.C. § 2000e-2(a), Section 1981, the Americans with Disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008, Md. State Government Article §20-602, and Montgomery County Code §27-19. Defendant systematically harassed Plaintiff over nearly two years after she informed her employer of her illness in 2016. This included following her to and from the bathroom, demeaning her on numerous occasions by yelling and laughing at her, decrying her for frequent bathroom breaks after she submitted a note from her doctor stating that they were necessary, demanding Spanish not be spoken in the workplace and showing a video to that effect, and many other instances.

## PARTIES

2. Plaintiff, Janet De Amat, is a female citizen of the United States and is a resident of Montgomery County, Maryland. At all relevant times, Plaintiff was an employee of Defendants.

3. Defendants United Natural Foods, Inc., and SuperValu, Inc. own and grocery stores and whole sale food and meat distributors. United Natural Foods, Inc., owns or owned at the relevant time the Shoppers Food & Pharmacy located in Germantown, Maryland, where Plaintiff worked and the events took place.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Montgomery County Code § 27-9, Md. Code Ann., Cts. & Jud. Proc. § 4-402d, Md. Code Ann., and Cts. & Jud. Proc. § 1-501.

5. Plaintiff has been subject to discrimination under Montgomery County Code § 27-19.

6. Venue is proper in the Circuit Court for Montgomery County pursuant to Montgomery County Code § 27-19 and Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant engages in substantial business in Montgomery County, Maryland. Defendant has consistently employed more than 20 individuals and employed more than 20 individuals during the relevant period.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

7. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 6 of this Complaint with the same force and effect as if set forth herein.

8. Plaintiff has exhausted administrative remedies and met all conditions precedent as to all claims in this complaint. Plaintiff filed a timely complaint with the EEOC. Plaintiff requested a right to sue letter when administrative remedies had been exhausted. A right to sue letter was issued May 12, 2021, and Plaintiff timely filed a complaint within 90 days of receipt.

## STATEMENT OF CLAIM

9. Janet De Amat, Plaintiff, began working at Shoppers Food & Pharmacy, owned and operated by Defendants, on October 29, 2002. She worked in multiple positions over the course of her employment. De Amat is Peruvian and speaks fluent Spanish. She often talked about her heritage at work and spoke Spanish, initially, with coworkers and customers in front of her supervisor.

10. In 2016 De Amat became sick. She suffered from a severe stress disorder that substantially limited her ability to work, concentrate and think. She was also limited in her ability to lift at the time. De Amat informed her supervisor, Jim Spradbrow, and a representative in Human Resources of her condition and the symptoms that included sensitivity to stress, the need for frequent and sudden bathroom breaks, and limitations on her ability to lift. De Amat requested the accommodation of a different schedule or position, and flexibility to take more bathroom breaks as needed.

11. Soon after De Amat told her supervisor of her condition and requested the accommodations, Spradbrow began treating her much differently. It began in late 2016, continued through 2017, and got worse in 2018. De Amat performed her job well for more than a decade and was not subject to any significant disciplinary measures. Her job as cashier and front desk clerk required basic interactions with the public and the use of simple technology. De Amat was consistently personable and had lengthy experience in the industry.

12. The events are numerous. Spradbrow began following De Amat around the workplace and even to the bathroom. When she would leave her station to go to the bathroom he would appear and ask "Where are you going?" Spradbrow screamed at De Amat on multiple occasions for no or minor infractions while aware that she suffered from stress disorder and that it would

exacerbate her condition. He screamed during one event when he alleged that De Amat took more than 15 minutes on break. He demanded that she speak to the manager after second break. When De Amat pushed back on one occasion, suggesting that Spradbrow review the camera to determine if she had made an infraction, he again yelled at her. Spadbrow did not follow employees without disabilities, nor yell at or otherwise harass them.

13. Spradbrow also altered her work conditions and treated her differently from other employees. De Amat had previously informed Spradbrow that she needed to work as many hours on as few days as possible to facilitate child care. Spradbrow, after learning of De Amat's condition and requests for accommodation, altered her schedule to spread her hours over more days. De Amat did not have a uniform t-shirt on one day. A girl with a different national origin (Caucasian) similarly did not have her uniform t-shirt. The other employee was not reproached nor punished. Spradbrow not only yelled at De Amat, but said he would send her home. The other employee did not have a disability and did not request an accommodation.

14. When De Amat retrieved what she believed would be a satisfactory item to wear and returned she found Spradbrow laughing at her. De Amat began crying and said "Please, just let me work." Spradbrow, annoyed and dismissive, said "you look fine, you can work" then angrily said "do whatever you have to do." De Amat said "I'm sick." She went to the bathroom. When she finished, Spradbrow got angry, again, reproached her for using the bathroom at that time and De Amat, confused, said "You told me to do what I have to do."

15. On De Amat's last day, and the day before Mother's Day, she was off work doing her personal grocery shopping and speaking on the phone with her family regarding a private event on the weekend. Spradbrow noticed that De Amat was in the store and called another employee to ask what time she had clocked out and asked if she was shopping during work hours.

16. Prior to this day, on multiple occasions, Spradbrow had told employees, including De Amat, not to speak Spanish in the workplace. Employees were also required to watch a video that stated that employees who speak Spanish should not do so with coworkers or customers.

17. De Amat was at the deli counter speaking on the phone and a customer who also spoke Spanish approached and overheard the conversation. The customer, who had a previous relationship with Spradbrow, told him that De Amat had used a Spanish curse word.

18. De Amat was subsequently removed from the schedule subject to an investigation. When the "investigation" was complete, De Amat met with management who informed her that, in order to return to work, she would have to sign an agreement that included a provision stating she could be fired for any minor infraction, had to forfeit her 109 vacation hours, and must waive all claims or possible claims against her employer or agents of her employer.

19. De Amat did not agree to the terms and filed a complaint with the Equal Employment Opportunities Commission. A Right to Sue was issued on May 12, 2021. Plaintiff filed the present complaint within 90 days of receiving the Right to Sue.

20. De Amat suffered in a hostile work environment for nearly two years, and has suffered since. After the events with her employer and as a result of those events she suffered a severe stress reaction that made her unable to work and caused daily emotional distress. This has impacted her ability to interact with family and friends and caused long term mental anguish along with lost wages and benefits.

## COUNT I

### Disability Discrimination

Americans with disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

22. Plaintiff has a disability of severe stress disorder and Post Traumatic Stress Disorder.

23. Defendant was aware of Plaintiff's disability.

24. Plaintiff's disability of severe stress disorder and Post Traumatic Stress Disorder are mental impairments that substantially limit the major life activities of working, concentrating, and thinking.

25. Plaintiff was qualified for the position and able to perform the essential functions of the job.

26. Defendant harassed and disparaged Plaintiff because of her disability. Defendant constructively discharged Plaintiff because of her disability.

27. Defendant treated Plaintiff disparately from employees who did not have disabilities.

28. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

29. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

30. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT II

### National Origin Discrimination

### Title VII of the Civil Rights Act of 1964, as amended

### 42 U.S.C. § 2000e-2(a)

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

32. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

33. Plaintiff is Peruvian and a member of a protected class.

34. Defendant discriminated against Plaintiff by treating her disparately because of her national origin in reprimands for conduct and work conditions.

35. Management knew, or should have known, or engaged in the discriminatory conduct.

36. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

37. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

38. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

## COUNT III

### Retaliation

Title VII of the Civil Rights Act of 1964, as amended

42 U.S.C. § 2000e-2(a)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and effect as if set forth herein.

40. Plaintiff engaged in protected activity when she requested reasonable accommodation for her disability.

41. Defendant was aware of the protected activity of requesting a reasonable accommodation.

42. Management knew, or should have known, or engaged in the retaliatory conduct.

43. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation.

44. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT IV

National Origin Discrimination

42 U.S.C. §1981

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as if set forth herein.

46. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff. Plaintiff had the contractual interest of employment with the Defendant, which was not equally upheld because of Plaintiff's national origin.

47. Plaintiff is Peruvian and a member of a protected class.

48. Defendant discriminated against Plaintiff by treating her disparately because of her national origin in reprimands for conduct and work conditions.

49. Management knew, or should have known, or engaged in the discriminatory conduct.

50. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

51. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

52. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

## COUNT V

### National Origin Discrimination

### Md. State Government Article §20-602

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as if set forth herein.

54. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

55. Plaintiff is Peruvian and a member of a protected class.

56. Defendant discriminated against Plaintiff by treating her disparately because of her national origin in reprimands for conduct and work conditions.

57. Management knew, or should have known, or engaged in the discriminatory conduct.

58. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

59. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

60. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

## COUNT VI

### Retaliation

### Md. State Government Article §20-602

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as if set forth herein.

62. Plaintiff engaged in protected activity when she requested reasonable accommodation for her disability.

63. Defendant was aware of the protected activity of requesting a reasonable accommodation.

64. Management knew, or should have known, or engaged in the retaliatory conduct.

65. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation.

66. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT VII

### National Origin Discrimination

### Montgomery County Code §27-19

67. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

66. Plaintiff is Peruvian and a member of a protected class.

68. Defendant discriminated against Plaintiff by treating her disparately because of her national origin in reprimands for conduct and work conditions.

69. Management knew, or should have known, or engaged in the discriminatory conduct.

70. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

71. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

72. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

73. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

74. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on national origin.

## COUNT VIII

### Retaliation

### Montgomery County Code §27-19

75. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 74 of this Complaint with the same force and effect as if set forth herein.

76. Plaintiff engaged in protected activity when she requested reasonable accommodation for her disability.

77. Defendant was aware of the protected activity of requesting a reasonable accommodation.

78. Management knew, or should have known, or engaged in the retaliatory conduct.

79. Defendant retaliated against Plaintiff for engaging in the protected activity of requesting a reasonable accommodation.

80. As a direct, legal and proximate result of the retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Janet De Amat, prays this Honorable Court for Judgment against the Defendants, United Natural Foods, Inc. and SuperValu, Inc, in the amount of economic damages, compensatory damages, and punitive damages to be determined at trial, attorneys' fees, costs of this action, and/or injunctive relief, and any other relief this Honorable Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

**FILED**

AUG 0 9 2021

Clerk of the Circuit Court
Montgomery County, Md.

Respectfully submitted,

Dated this 9th day of August, 2019

Jason Shafer, Esq.
Shafer Associates, LLC
230 N. Washington St.
Suite 200
Rockville, MD 20850