UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

January 31, 2023

LETTER TO COUNSEL:

    Re:    *De Amat v. United Natural Foods, Inc., et al.*
              Civil Case No. TDC-21-2323

Dear Counsel,

    This case was referred to me for all discovery and related scheduling matters. ECF No. 59. Pending before the Court is the Motion for Sanctions filed by Defendants United Natural Foods, Inc. and SUPERVALU, Inc. ECF No. 53. Having considered the parties' submissions (ECF Nos. 53, 56 & 62), I find that no hearing is required. Loc. R. 105.6. For the following reasons, the Motion for Sanctions will be granted in part and denied in part.

    During discovery, Defendants requested medical records from Plaintiff. *See* ECF No. 53. The parties do not dispute that the requested records might be relevant to Plaintiff's claims for damages, including damages arising from her emotional distress. Plaintiff did not immediately produce the requested documents and refused to sign a medical authorization allowing Defendants access to her medical treatment records, including mental health records. ECF No. 53-1 at 4. Plaintiff stated that she intended to assert the "psychotherapist-patient privilege" to protect against discovery of the records. *Id.*

    At Defendants' request (ECF No. 39), Judge Grimm (the previous presiding judge) held an unrecorded telephone conference with counsel. ECF No. 43. A paperless order docketed after the call stated as follows:

> PAPERLESS ORDER memorializing today's telephone conference call as follows: the parties are DIRECTED to submit a status report on or before August 11, 2022 as to their next steps regarding the review of the records described in defense counsel's letter 39 . Signed by Judge Paul W. Grimm on 8/3/2022.

ECF No. 43.

    In response to this order (*id.*), the parties submitted a proposed order, which the Court signed on August 12, 2022, containing a "procedural outline" of how the parties would work through their dispute about the production of Plaintiff's medical records. ECF Nos. 44 & 45. The order provided that Plaintiff would "draft necessary releases and submit records requests to the providers where records are sought," and presumably the records would be returned to Plaintiff. At that point, Plaintiff would "mark documents for identification" (presumably the documents for

which Plaintiff intended to assert a privilege) and arrange a meeting with counsel for Defendants to review the documents in person. It is unclear why counsel for Defendants would be permitted to view documents subject to a privilege but that is what the order provided. The order also provided that if there was a dispute about what documents should be produced, Plaintiff would move for a protective order by a certain date, and the parties would later submit a status report to the Court.

On September 26, 2022, the parties filed a document titled "Joint Medical Records Procedure Outline Status Report and Proposed Extension of Related Deadlines" (ECF No. 47). In this document, the parties reported that Plaintiff's counsel needed more time to review the records he had obtained. *Id.* The parties requested an extra 60 days to complete the process set forth in the previous order (ECF No. 45). The Court granted the parties' request (ECF No. 48), setting new deadlines for Plaintiff to file her motion for protective order and for the parties to file their next status report.

On November 22, 2022, Defendants submitted a status report "regarding the actions and deadlines to effectuate review and production of Plaintiff's medical records as described in ECF Nos. 45 and 48." ECF No. 51. The status report complained that Plaintiff had "failed to obtain and produce all relevant medical records to Defendants for review," and "failed to file for a protective order regarding the medical records she claims are subject to the psychotherapist-patient privilege and has refused to produce the same." *Id.* at 1. Defendants sought leave of Court to file a motion for sanctions. *Id.* The Court granted Defendants leave to move for sanctions. ECF No. 52. Defendants' Motion is now ripe for decision.

Sanctions under Rule 37 are part of the Court's arsenal of tools to manage its civil caseload. Rule 37(b)(2) provides that when the Court orders a party to "provide or permit discovery," whether under Rule 26(f), 35, or 37(a), and the party fails to obey the order, the Court may impose sanctions on the non-compliant party. Defendants' Motion is based on this rule and Plaintiff's alleged violation of the Court's orders at ECF Nos. 45 and 48. Defendants request that the Court sanction Plaintiff by barring her from seeking emotional destress damages, or alternatively, by barring her from asserting the psychotherapy-patient privilege in the future. ECF No. 53 at 3. Defendants also seek an order requiring Plaintiff or her attorney to pay the fees that Defendants incurred in connection with the Motion. *Id.*

The Court does not find that the Court's orders at ECF Nos. 45 and 48 are "order[s] to provide or permit discovery" under Rule 37(a) (setting out the procedure for a party to move for an order compelling the production of discovery) or any other discovery rule. Instead, these orders are procedural. They appear designed to facilitate the Plaintiff's production of discovery to Defendants and to help resolve potential disputes between the parties about the production of potentially privileged information. Neither of the orders plainly directed Plaintiff to produce discovery to Defendants. Instead, they directed her to obtain certain records, review them with Defendants, and move for a protective order if necessary. The orders anticipated that the parties might disagree about what documents must be produced and laid out a procedure for the matter to

be presented to the Court, if necessary. To the extent that Plaintiff violated these orders, the remedies available to Defendants for these violations are not discovery sanctions under Rule 37.[1]

Because the Court finds that Plaintiff has not violated an "order to provide or permit discovery," the Court concludes that sanctions are not available under Rule 37(b).[2] As much as Defendants' Motion seeks sanctions under this rule, it is denied.

The Court will, however, grant Defendants' alternative request, for an order compelling Plaintiff to sign a medical release authorization form to allow Defendants to seek all of her missing medical records and for an order finding that Plaintiff has waived any psychotherapist-patient privilege here. In doing so, the Court construes Defendants' motion as a motion to compel under Rule 37(a). The Court finds that Defendants have made good-faith efforts to secure the requested discovery from Plaintiff before seeking judicial intervention. And given the procedural history of this case, including the orders at ECF Nos. 45 and 48, the Court does not find that strict compliance with Local Rules 104.7 and 104.8 is required. Accordingly, the Court orders as follows:

1. On or before **February 10, 2023**—a firm deadline that the Court will not be inclined to extend—Plaintiff shall sign and produce to Defendants any requested medical records release form for records in this case.[3]

2. On or before **February 10, 2023**, Plaintiff shall produce to Defendants all medical records that have been requested, including records of Plaintiff's mental health treatment, if they have not already been produced.

3. Plaintiff may not assert or withhold any documents on the basis of the psychotherapist-patient privilege because she has waived her right to do so by (a) failing to move for a protective order as directed in ECF Nos. 45 and 48, and (b) claiming damages arising from emotional distress and putting those records at issue, such that there is good cause for the production of the records to Defendants under Rule 26, notwithstanding the existence of any psychotherapist-patient privilege.

This is an order compelling the production of discovery. *See* Fed. R. Civ. P. 37(a). If Plaintiff does not comply with this order, Defendants may seek leave of Court to move for sanctions, and the Court may impose the following sanctions:

---

[1] Defendants have not moved for an order to show cause why Plaintiff or her counsel should not be held in civil contempt.

[2] The Court is sympathetic to Defendants' position. Plaintiff's halting and faltering response to Defendants' reasonable discovery requests has caused Defendants to incur unnecessary expenses.

[3] It is unclear if Plaintiff has already signed such a release. *See* ECF No. 62 at 7 n.7. If Defendants do not believe a further release is required, Plaintiff is obviously not required to sign and produce one. The purpose of this order is to facilitate the efforts of Defendants to locate and obtain relevant discovery.

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Finally, the Court notes that the status of discovery is unclear. Accordingly, the parties shall submit a joint status report by **February 10, 2023**, jointly proposing any necessary revised discovery deadlines (at the least, a deadline for the completion of discovery and submission of joint status report).

In summary, the Court orders as follows:

- Plaintiff shall produce an executed medical records release form by February 10, 2023;
- Plaintiff shall produce all outstanding medical records by February 10, 2023;
- Plaintiff may not rely on the psychotherapist-patient privilege in discovery; and,
- The parties shall file a joint status report by February 10, 2023.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge